STATE *vs.* INTOXICATING LIQUORS. FRANK A. HUNT, Claimant.

Androscoggin.   Opinion December 29, 1912.

*Claimant. Common carrier. Consignee. Consignor. Credit. Delivery. Forfeiture. Insolvency. Intoxicating liquors. Libel. Payment. Revised Statutes, Chapter 29, Section 51. Shipment. Stoppage in transitu.*

This is a proceeding to enforce the forfeiture of intoxicating liquor alleged to have been intended for unlawful sale within this State.

On July 18, 1911, F. W. Hunt & Co., wholesale liquor dealers in Boston, Mass., shipped to S. Malo of Lewiston, Maine, by American Express, two boxes each containing ten gallons of whiskey, S. Malo not being a fictitious name. On July 19, 1911, these boxes were seized by an officer,

before delivery to the consignee and while in the possession of the carrier, and were duly libelled. The consignor appeared as claimant.

*Held:*

1. That under R. S., Ch. 29, Sec. 51, it is only a person who is found to be "entitled to custody of any part" of the seized goods who can be regarded as a lawful claimant.

2. That the lawful right to claim the property may arise either from ownership, as when the claim is made by the consignee, or from right to possession, as when made by the carrier.

3. That in the case at bar, the claim is made neither by the consignee nor by the carrier, but by the consignor, the seller, and on the sole ground of his alleged right of stoppage in transitu.

4. That there are two prerequisites to the exercise of the right of stoppage in transitu on the part of the seller; first, a sale upon credit; and second, the insolvency of the purchaser.

5. That the agreed statement is silent as to the terms of sale, and the price may have been paid in advance. The sale on credit is not proved.

6. Nor is there any proof or even suggestion of the insolvency of the consignee. The agreed statement simply alleges that before delivery to the consignee the liquor was seized by an officer, and the fair inference is, that had the seizure not been made, delivery would have taken place in the ordinary course of business.

7. That the claimant was not entitled to the custody of any part of the seized goods.

On agreed statement of facts.

The claim of the consignor must be disallowed. The liquors will remain in custody of the sheriff to be disposed of as provided by statute.

This is a proceeding to enforce the forfeiture of intoxicating liquor alleged to have been intended for unlawful sale within this State. The liquor was seized by a deputy sheriff of Androscoggin County, libelled and claim made for said liquor by the shipper. Upon a hearing, the lower court held that the liquors were kept for unlawful sale as alleged and that the claimant was entitled to no part of the same. The claimant appealed to the Supreme Judicial Court and the case was thence reported to the Law Court on the following agreed statement of facts:

"On July 18, 1911, Dudley F. Hunt and Francis A. Hunt, both of Boston in the Commonwealth of Massachusetts, co-partners as F. W. Hunt & Co., wholesale liquor dealers in said Boston, shipped

from said Boston to S. Malo, Lewiston, Me., by American Express, two boxes each containing ten gallons of whiskey and addressed to S. Malo, Lewiston, Me. S. Malo is not a fictitious name. Said shipment was a continuous inter-state shipment.

"On July 19, 1911, said shipment before delivery and while in transit and in the possession of the common carrier was seized by a deputy sheriff for the county of Androscoggin, libelled, and a claim made by this claimant the shippers.

"The question presented is whether F. W. Hunt & Co. as the shippers of said goods are entitled to a return of said liquors when seized from the possession of the common carrier while in transit and before delivery to the consignee."

The case is stated in the opinion.

*Lewis J. Brann,* for claimant.

*W. H. Hines,* County Attorney, for the State.

SITTING: WHITEHOUSE, C. J., SPEAR, CORNISH, KING, HALEY, JJ.

CORNISH, J. This is a proceeding to enforce the forfeiture of intoxicating liquor alleged to have been intended for unlawful sale within this State.

The libel was duly issued, notice given and at the hearing in the lower court Frank A. Hunt, one of the firm of F. W. Hunt & Co. of Boston, the consignors, appeared and filed his claim to the "right, title and possession in the items of property hereinafter named, as having a right to the possession thereof at the time when the same were seized. And the foundation of said claim is that they were in the possession of the American Express Company, whose business is that of a common carrier, and were in transit, from Boston, Massachusetts, to Lewiston in the State of Maine, and were taken from the lawful possession of said company and of your claimant . . . before the same had been delivered to the consignee and had reached its destination."

After hearing, the lower court held that the liquors were kept for unlawful sale as alleged and that the claimant was entitled to no part of the same.

The claimant appealed to the Supreme Judicial Court and the case was then reported to the Law Court on the following agreed statement of facts:

"On July 18, 1911, Dudley F. Hunt and Francis A. Hunt, both of Boston in the Commonwealth of Massachusetts, co-partners as F. W. Hunt & Co., wholesale liquor dealers in said Boston, shipped from said Boston to S. Malo, Lewiston, Me., by American Express, two boxes each containing ten gallons of whiskey and addressed to S. Malo, Lewiston, Me. S. Malo is not a fictitious name. Said shipment was a continuous inter-state shipment.

"On July 19, 1911, said shipment before delivery and while in transit and in the possession of the common carrier was seized by a deputy sheriff for the county of Androscoggin, libelled and claim made by this claimant, the shippers.

"The question presented is whether F. W. Hunt & Co., as the shippers of said goods are entitled to a return of said seizure when seized from the possession of the common carrier while in transit and before delivery to the consignee."

The precise question at issue is not whether the liquors were still in transit at the time of their seizure, but whether the claimant has any legal standing in court. If he has not, he is a mere stranger to the proceeding and cannot raise the point of non-completion of shipment.

It is only a person who is found to be "entitled to the custody of any part" of the seized goods who can be regarded a lawful claimant. R. S. ch. 29, sec. 51; *State* v. *Intox. Liquors,* 50 Maine, 506. If his claim is sustained, it must be on the ground that he is either the owner or has a right to the possession of the property, which shall thereupon be taken from the custody of the officer and delivered to him. Such delivery could not be made to a stranger.

The claim is not made in the case at bar by the consignee or owner, as in *State* v. *Intox. Liquors,* 101 Maine, 430, and *State* v. *same,* 108 Maine, 410, the last case being cited by the claimant in his brief. Nor is it made by the common carrier, as having the right of possession on the ground that the shipment had not been terminated as in *State* v. *Intox. Liquors,* 102 Maine, 206; *State* v. *same,* 102 Maine, 385; *State* v. *same,* 104 Maine, 463, and *State* v. *same,* 106 Maine, 135.

The claim is made here by the consignor on the sole ground of his right of stoppage in transitu. This raises a new question in this State, but the application of well established principles of law leaves no doubt as to the solution.

The doctrine of the right of stoppage in transitu is well expressed as follows. "An unpaid seller who has parted with the possession of the goods may, if the buyer is or becomes insolvent, stop the goods in transit, that is to say he may resume possession of the goods so long as they are in the course of transit and may retain them until payment or tender of the price." 35 Cyc., p. 493.

The logic of the doctrine is clearly worked out in the early cases of *Arnold* v. *Delano,* 4 Cush., 33, and *Newhall* v. *Vargas,* 13 Maine, 93.

The two indispensable prerequisites to the exercise of the right by the vendor are, first, a sale upon credit, and second, the insolvency of the vendee. Neither of these facts is established in the case at bar. The agreed statement is silent as to the terms of sale. It simply recites that the claimant shipped the liquors to one S. Malo by American Express. The price may have been paid in advance. It is more than possible that it was, as an action for the purchase price could not be maintained in this State if the liquor was intended for illegal sale. R. S., ch. 29, sec. 64.

In any event, the sale on credit is not proved.

Nor is there any claim or even suggestion of the insolvency of the consignee. The agreed statement simply alleges, that before delivery to the consignee the liquor was seized by an officer. The fair inference is that but for the seizure delivery would have been made in the regular course of business, and that certainly tends to negative the insolvency of the consignee.

In fact, the idea of stoppage in transitu apparently did not occur to the consignor until after the seizure was made, and then as neither the common carrier nor the consignee cared to appear as a claimant, the consignor took it upon himself to recover property, the title to which had passed from him on delivery to the carrier, only to be regained upon two conditions, neither of which he has established.

The claimant relies upon the decision in *Allen* v. *M. C. R. R. Co.,* 79 Maine, 327. The court there held that as between consignor and a common carrier, a notice to the latter not to deliver goods in transit to the consignee need not state the reason. That is undoubtedly sound law, but has no application here. In that case the sale was upon credit, the consignee was admittedly insolvent, the consignor therefore had a legal right to stop the goods in transit, and the court held that in the exercise of that right he was not obliged to give his reason to the carrier. In the case at bar, there is no evidence of a sale on credit, nor of the insolvency of the consignee, and the consignor gave no notice of any kind to the carrier. He simply set up his claim to the liquors after they had been seized. To hold that under such circumstances the wholesale dealer outside the State can successfully step in and recover what he has once sold and has no legal right to retake, would be to nullify in a large measure the efficiency of the search and seizure process in the prohibitory law of this State.

The claim of the consignor must therefore be disallowed.

The liquors will remain in the custody of the sheriff to be disposed of as provided by statute.

*So ordered.*

HALEY, J. concurred in the result.